## Ex parte MOEBUS.

(Circuit Court. D. New Hampshire. August 23, 1906.)

### No. 351.

1. COURTS—JURISDICTION OF FEDERAL COURTS—HABEAS CORPUS.

   A federal court is without jurisdiction of a habeas corpus proceeding for the discharge of a state prisoner where the only question involved is his identity with an escaped convict, and no diversity of citizenship is alleged.

   [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 804, 805.

   Jurisdiction of federal courts in habeas corpus proceedings, see note to In re Huse, 25 C. C. A. 4.]

2. HABEAS CORPUS—SUCCESSIVE APPLICATIONS FOR WRIT.

   In jurisdictions where appeals have been provided for in habeas corpus cases, it has come to be the rule, either as one of law or of practical administration, that a judge is not required to consider an application for a writ which has been denied by another judge, but may remit the petitioner to his remedy by appeal.

   [Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Habeas Corpus, § 121.]

On petition for writ of habeas corpus.
See 137 Fed. 154.

Henry Edward Moebus, pro se.
E. G. Eastman, Atty. Gen., for respondent.

PUTNAM, Circuit Judge. This is a petition for a writ of habeas corpus, brought against the warden of the state prison of the state

of New Hampshire by a man imprisoned therein who styles himself Henry Edward Moebus, but who is claimed by the warden, and by the authorities of the state, to be in truth and in fact, Mark Shinburn, who was convicted in the courts of the state of breaking and entering, and sentenced to confinement at hard labor in the state prison for 10 years, who was afterwards lawfully committed in pursuance of that sentence, and who thereafter broke jail, and was recaptured in New York, duly extradited and recommitted, and now held to serve the unexpired term of his sentence.

By our order, the petition was filed in court on May 10, 1906, and an order of court duly made that the warden of the state prison, H. K. W. Scott, should show cause why the writ should not issue. On June 18, 1906, the warden duly answered, closing his answer that the term of imprisonment fixed by the sentence referred to had not expired, and with the statement that the respondent, in his capacity as warden, held the petitioner for the purpose of serving out the unexpired term and for no other purpose, alleging at the same time that the petitioner is Mark Shinburn.

The petition does not allege that there is involved any controversy between citizens of different states, and that on account thereof the federal courts have jurisdiction for any of the reasons explained in King v. McLean Asylum, 64 Fed. 331, 12 C. C. A. 145, but it is apparently based on some supposed claim to the effect that the petitioner is imprisoned in violation of some provision of the Constitution of the United States. The petitioner has several times informally stated his case to us, and we have never been able to perceive that any federal question of that character was involved. Neither do we now perceive any. On the other hand, it seems to us that the only possible question involved was one of identity, a question which, perhaps, might have been investigated by the federal courts, either in New York or in New Hampshire, so long as the extradition proceedings were not completed, but a question which became purely of a local character after those proceedings were completed and the petitioner was in custody in the prison of the state.

Also, the petitioner made separate applications to the United States district judge for the district of New Hampshire and to the justice of the Supreme Court of the United States assigned to this circuit, each of which applications was denied. At common law, it was settled that a refusal by any judge to grant a writ of habeas corpus, or a refusal of any judge to discharge from custody a petitioner by, or in behalf of, whom such a writ had been granted, did not constitute res judicata, but that the petitioner was at liberty to apply to any other judge, and so on until the whole series of judges had been exhausted. It is, however, commonly understood that the rule is practically otherwise in those jurisdictions where statutory rights of appeal, or writs of error, have been granted with reference to such proceedings, and that, either as a rule of law or as a practical rule of administration, no judge would allow a writ when some other judge has refused it; but that any subsequent judge would remit the applicant to his remedy by appeal, or writ of error, unless some substantial change in the cir-

cumstances had intervened. In the present case, there has been no such change of circumstances, and, therefore, it may well be that we should have refused to consider this application at all, and should hold the applicant to his remedy by appeal under the statute, with the consequent further holding that, if the statutory time for an appeal had expired, the applicant had lost his rights if he had any. As, however, the petitioner has now for the first time applied to us formally, we have concluded to allow him to complete the circle made up of the justice of the Supreme Court assigned for this circuit, the district judge for the district of New Hampshire, and myself as the circuit judge who ordinarily attends to such matters in that district as come before the circuit judges. We do this more particularly in order that the petitioner may take out his appeal, if he desires so to do, but with the express statement that no further applications of the character now before us will be entertained by us.

The petition of Henry Edward Moebus, filed July 6, 1906, is denied for want of jurisdiction, and, for that reason, the answer of H. K. W. Scott is adjudged sufficient, and the writ af habeas corpus prayed for is denied.