**UNITED STATES ex rel. BRUNO v.
REIMER, Com'r of Immigration
Port of New York.**

**No. 302.**

Circuit Court of Appeals, Second Circuit.

April 10, 1939.

Abraham Levitan, of Jersey City, N. J.,
for appellant.

John T. Cahill, U. S. Atty., of New
York City (Dolores C. Faconti, Asst. U. S.
Atty., of New York City, of counsel), for
appellee.

Before SWAN, AUGUSTUS N.
HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant is an alien who entered
this country lawfully for permanent resi-
dence on, or about, July 2, 1910, when he
was ten years old. In 1929, he pleaded non
vult, in the Court of Quarter Sessions of
Hudson County, New Jersey, to an indict-
ment charging him with having committed
the crime of robbery and was sentenced to
serve an indeterminate term in the Rahway
Reformatory, where he was confined until
May 24, 1929, when he was transferred to
the New Jersey Reformatory at Annandale.
He was paroled on August 11, 1930, after
having served in both institutions about a
year and a half of his sentence.

In September, 1931, he was again con-
victed of the crime of robbery. This time
it was in the Court of Quarter Sessions of
Bergen County, New Jersey, and he was
committed to the New Jersey State Prison
on a sentence of nine years. On May 29,
1932, while he was serving that sentence, a
warrant for his deportation was issued.
Hearings were had which resulted in his
being ordered deported under the provi-
sions of 8 U.S.C.A. § 155, on the ground
that he had twice been sentenced to im-
prisonment for a term of one year or more
because of conviction in this country of a
crime involving moral turpitude.

On February 4, 1938, being then con-
fined at Ellis Island, he petitioned for a
writ of habeas corpus which was granted.
It was dismissed by the district court and
an appeal to this court was taken. At the
hearing on the appeal, it was contended
as the sole ground for reversal that the
sentence after the plea of non vult was not
a sentence because of what was to be
deemed a conviction within the meaning of
the deportation statute. His appeal was
unsuccessful, however, and the order was

affirmed. United States ex rel. Bruno v. Reimer, 2 Cir., 98 F.2d 92.

On September 22, 1938, he filed another petition for a writ of habeas corpus. This petition was denied and this appeal is from that order.

Our former decision was not res judicata as to the second petition. Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L. Ed. 989. Though it was not an absolute bar, it was not entirely to be disregarded since good faith would require a relator to present what grounds for relief he believed he had in the one petition and not hold others in reserve merely to form the basis of successive petitions for purposes of delay. See Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999.

But in this instance there is no fair ground for believing there was anything in the nature of abuse of process and we will consider the second petition on its merits without treating the dismissal of the former writ as of material significance. An entirely new point has now been raised. The position taken by the relator is that, conceding all else in respect to the order of deportation to be lawful, the order is nevertheless invalid because the first sentence he received under which he was confined in the two reformatories named was not a sentence to a penal institution in which confinement amounted to imprisonment within the meaning of 8 U.S.C.A. § 155.

In United States ex rel. Cerami v. Uhl, 2 Cir., 78 F.2d 698 we decided that commitment to the care and custody of the managers of the Society for the Reformation of Juvenile Delinquents in the City of New York, followed by delivery to the Superintendent of the New York House of Refuge on Randalls Island, though the equivalent of a sentence for a year or more, was not imprisonment within the meaning of 8 U. S.C.A. § 155. The nature of the institution and the purposes for which youths were sent there for the remainder of their minority to be dealt with according to law was held too far removed from the idea of punishment inherent in imprisonment to make such confinement the kind of imprisonment meant in the deportation statute.

That decision, however, was based wholly on the nature of a commitment to the House of Refuge on Randalls Island and does not control as to commitments upon sentences to institutions not maintained purely for such corrective, as distinguished from punitive, purposes. It was soon followed by United States ex rel. Popoff v. Reimer, 2 Cir., 79 F.2d 513, where the effect of commitment to the New York State Reformatory at Elmira as an imprisonment within the meaning of the deportation statute was in issue and it was held that a sentence to imprisonment in that reformatory was so punitive in purpose as to make confinement therein imprisonment to be treated as such in deportation proceedings.

In so far as we are able to determine from what is before us on this appeal, the reformatory in New Jersey to which the relator was committed and also that to which he was transferred are both state institutions to which offenders are given punitive sentences for an indeterminate period; and that such offenders are not merely minors who receive corrective and reforming care during their minority. No doubt there is a general purpose to reform underlying the present day maintenance of all penal institutions but unless the idea of punishment for crime is clearly subordinate the decision in the Popoff case, supra, makes confinement in a state reformatory under sentence to imprisonment after conviction the kind of imprisonment meant in 8 U.S.C.A. § 155. The New Jersey reformatories appear to be in the same general category with the New York State Reformatory at Elmira and so no error in dismissing the petition for the writ of habeas corpus has been shown.

Order affirmed.