## SLAUGHTER v. WRIGHT.
### No. 5065.

Circuit Court of Appeals, Fourth Circuit.

May 7, 1943.

614

R. Carter Scott, Jr., of Richmond, Va., for appellant.

D. Heyward Hamilton, Jr., Asst. Atty. Gen., of State of Maryland (William C. Walsh, Atty. Gen., of State of Maryland, and A. Gwynn Bowie, State's Atty. for Prince George's County, of Upper Marlboro, Md., on the brief), for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal from an order of United States District Judge Chesnut denying, without a hearing, the issuance of a writ of habeas corpus sought by appellant, John F. Slaughter (hereinafter called appellant), who claimed he was unlawfully restrained in the Maryland House of Correction. Appellant was convicted and given a two year sentence by the Circuit Court for Prince George County, Maryland, for having carnal knowledge with a female, not his wife, between the age of 14 and 16 years.

On or about December 9, 1942, appellant sent to Judge Chesnut, through the mails, a petition for a writ of habeas corpus, which alleged the appellant was illegally imprisoned because his detention was without due process of law for the following reasons:

(1) During the trial of the case the court ordered a recess and in the absence of any judge on the bench, the State's Attorney convened the court, delivered his argument to the jury, instructed the jury, ordered it to retire, and received the unsealed verdict of the jury.

(2) Appellant was deprived of a trial by a duly qualified and impartial jury because some of the jurors, prior to the trial, had discussed the case with county officers and other interested persons, and one of the jurors was a professional bondsman who also occasionally acted as a turnkey at the county jail.

(3) The State's Attorney, in his argument to the jury, falsely stated that appellant had been convicted of the crime of murder in North Carolina.

Other minor and unimportant grounds were also stated, which we need not here consider.

Judge Chesnut entered an order denying the writ and the question now presented for our consideration is whether there was an abuse of discretion on his part in denying the writ without entering an order to show cause and without hearing the case.

Section 455 of U.S.C.A. Title 28 provides that "The court * * * or judge to whom such application is made shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto."

■ Thus, the court or judge has a primary duty of determining, upon the face of the facts stated in the petition, whether the prisoner is entitled to the writ. Unless the petition itself affirmatively shows this, it is incumbent upon the court to dismiss the petition, and to refrain from issuing the writ. Ex parte Quirin et al., 1942, 317 U.S. 1, 63 S.Ct. 2, 87 L.Ed. ——; Meeks v. Kaiser, 8 Cir., 125 F.2d 826. Since the instant petition contained no allegation that the appellant was not represented by competent counsel, and since there was nothing in the petition to show that the alleged irregularities in the trial of the appellant had not been duly waived by the failure of his counsel to make seasonable objection to these irregularities, we are not able to say that, from the petition itself it appeared that the appellant was entitled to the writ. See Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263; Adams v. United States, 317 U.S. 269, 63 S.Ct. 236, 87 L. Ed. ——; Carruthers v. Reed, 8 Cir., 102 F.2d 933; United States ex rel. Jackson v. Brady, 4 Cir., 133 F.2d 476, decided by this Court.

■ Even if the allegations of the petition in themselves make out a prima facie case in favor of the issuance of the writ, it is entirely within the province of the court to take judicial notice of its own records in connection with the allegations of the petition. Cf. Wells v. United States, 1943, 63 S.Ct. 582, 87 L.Ed. ——; McKee v. Johnston, 9 Cir., 109 F.2d 273; Banks v. O'Grady, 8 Cir., 113 F.2d 926.

When Judge Chesnut examined the records of his own court, he discovered that approximately four months before the filing of the instant petition, his colleague, United States District Judge Coleman, had denied a similar petition presented by appellant. The papers filed before Judge Coleman clearly revealed that appellant had been represented by counsel at his trial in the State Court and that at least one judge was present at all times during every stage of the trial. Accordingly, Judge Chesnut concluded that appellant's first ground in his petition was untrue in fact

and the other charges, even if true, were waived by the failure of appellant's counsel to take appropriate objection. See United States ex rel. Jackson v. Brady, 4 Cir., 133 F.2d 476, and Meyerson v. State, Md.1942, 28 A.2d 833.

■ Moreover, the record also indicates that appellant had unsuccessfully made eighteen prior applications for habeas corpus to twelve different judges. While the refusal to grant the writ is not res adjudicata of a subsequent petition filed for that purpose " * * * it does not follow that a refusal to discharge on one application is without bearing or weight when a later application is being considered." Salinger v. Loisel, 1924, 265 U.S. 224, 230, 44 S.Ct. 519, 521, 68 L.Ed. 989. We therefore do not feel that there was any abuse of discretion on the part of Judge Chesnut in denying the instant application for the writ without requiring an answer, without a rule to show cause, and without a hearing. See Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999; Sander v. Johnston, 9 Cir., 11 F.2d 509; United States ex rel. Bruno v. Reimer, 2 Cir., 103 F.2d 341, 342.

■ We reach this conclusion, too, in the light of the salutary and well-established principle that federal courts will not interfere with the orderly administration of criminal justice in the state courts save in those rare cases "where exceptional circumstances of peculiar urgency are shown to exist". United States v. Tyler, 1925, 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L.Ed. 138. See, also, Moore v. King, 8 Cir., 130 F.2d 857; United States ex rel. Jackson v. Brady, 4 Cir., 133 F.2d 476.

In the light of what has been said above, we do not think it necessary to discuss the point, urged by counsel for the appellee, that the appellant has not shown that he had exhausted the possible remedies that lay open to him in the courts of the State of Maryland.

The decision of the District Court is affirmed.

Affirmed.