DETRICH *v.* DOWD, WARDEN.

CLARK *v.* SAME.

SHOEMAKER *v.* SAME.

[Nos. 28,012-28,014.   Filed December 13, 1944.   Rehearing denied January 11, 1945.]

*Oscar B. Thiel,* of Gary, for appellants.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Deputy Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for appellee.

SWAIM, J.—Each of the above entitled cases is an appeal from a judgment of the LaPorte Circuit Court sustaining a motion to quash a writ of *habeas corpus* and dismissing the petition for the writ.

Each of the appellants had been convicted of bank robbery by a jury in a circuit court other than the LaPorte Circuit Court. The jury in each of the verdicts failed to fix the amount of the punishment to be imposed. In the judgments the punishment was fixed by the court at life imprisonment in the Clark and Detrich cases and at fifty years in the Shoemaker case. There was no appeal. Each of the appellants has served more than ten years of his sentence.

It is the contention of the appellants that that portion of each sentence in excess of ten years was void. This contention is based on the theory that it was the duty of the jury to fix the amount of the punishment; and that since the jury failed to do so, the court could only fix the punishment at the minimum of ten years provided by the statute. § 10-4102, Burns' 1933 (1942 Replacement), § 2417, Baldwin's 1934. The appellants insist that any time given beyond the statutory minimum was beyond the jurisdiction of the court. With this contention we cannot agree.

It is not contended that the courts in which the appellants were tried did not have general criminal jurisdiction, or that they did not have jurisdiction of the person of the appellant in each case. The courts in which the appellants were tried and the LaPorte Circuit Court are courts of co-ordinate jurisdiction. We have repeatedly held that courts of co-ordinate jurisdiction do not have the power to review or correct the errors of each other in *habeas corpus* proceedings. We have uniformly held that the final judgment of a court of general jurisdiction, in a case in which it had jurisdiction of the parties, is conclusive unless challenged as erroneous by a proper appeal to a reviewing court having jurisdiction to determine whether or not there was error. *Kunkel,*

*Warden* v. *Moneyhon* (1938), 214 Ind. 606, 17 N. E. (2d) 82; *State ex rel. Kunkel* v. *LaPorte Circuit Court* (1936), 209 Ind. 682, 200 N. E. 614; *Dinkla* v. *Miles* (1934), 206 Ind. 124, 188 N. E. 577. In these cases and in many others we have held that a *habeas corpus* proceeding is a collateral attack on such a judgment and cannot be used for the correction of errors no matter how gross the errors may be.

In *Lowery* v. *Howard* (1885), 103 Ind. 440, 3 N. E. 124, the defendant pleaded guilty to a charge of murder. Without referring the question of punishment to the jury, as then required, the court fixed the punishment at life imprisonment. In that case this court said:

> "The Orange Circuit Court had, as we have seen, jurisdiction of the subject-matter and of the person of Lowery when it rendered the judgment against him, under which he is imprisoned. That court · erred, we think, when Lowery interposed his plea of guilty, in not calling a jury to say, in their discretion, whether he should suffer the penalty of death or be imprisoned during life; but that error of the court did not render its judgment void. Therefore, the judgment can not be assailed collaterally on *habeas corpus. State ex rel.* v. *Murdock,* 86 Ind. 124."

That case was cited with approval in *Ex parte Tanner* (1929), 219 Ala. 7, 121 So. 423. In the Tanner case the jury trying the defendant found him guilty but failed to fix this punishment, as provided by the statute of that state. The trial judge, over the objection of the defendant, fixed the punishment at a term of imprisonment within the limits prescribed by the statute. On an appeal in a *habeas corpus* proceeding the Supreme Court of Alabama held that while the judgment was erroneous it was not void, because the court had jurisdiction of the person and subject-matter and was a court of general jurisdiction.

Since the failure of the jury to fix the amount of punishment in its verdict does not result in a void judgment even where the duty is on the jury to so fix the punishment, we need not decide here whether a proper interpretation of our statutes required the jury in the instant cases to fix the punishment. Here the trial court in each case was a court of general criminal jurisdiction. It did have jurisdiction of the person and it did fix the amount of punishment within the statutory limits. The failure of the jury to fix the punishment amounted at most to an error which could be reached in a proper appeal but not in a *habeas corpus* proceeding.

To sustain his position on this point counsel for appellants cites, among others, the following cases: *Hunnicutt* v. *Frauhiger* (1927), 199 Ind. 501, 158 N. E. 572; *Miller, Warden* v. *Allen* (1858), 11 Ind. 389; *Clark* v. *State* (1881), 77 Ind. 399; *Smith* v. *The State* (1921), 90 Tex. Cr. App. 273; *Hollis* v. *The State* (1898), 123 Ala. 74, 184 S. W. 835; *The People* v. *Eller* (1926), 323 Ill. 28, 153 N. E. 597.

In *Hunnicutt* v. *Frauhiger, supra,* a city court rendered a judgment including punishment which was beyond the limited jurisdiction of that court in any case. The court then suspended the excessive part of the judgment as to the unauthorized punishment and the defendant was incarcerated on that part of the judgment which was within the court's jurisdiction. The defendant in a *habeas corpus* proceeding insisted that the entire judgment was void, but this court held that the two parts of the judgment were separable and that only that part of the judgment which was in excess of the court's limited jurisdiction was void. The instant cases differ from that case in that the jurisdiction of

the trial courts here was general and that the sentences given were within the statutory limits for the crime involved.

In *Miller, Warden* v. *Allen, supra,* the defendant was found guilty on two counts and sentenced to two years imprisonment on each count. The trial judge ordered that the term of imprisonment fixed on the second count commence on the expiration of the term on the first ment in a criminal case, imposing a greater penalty than the verdict, constituted reversible error. The question was raised on an appeal from the judgment.

In *Clark* v. *State, supra,* this court held that a judg-the Criminal Court of Cook County was denied on the count. This court held in that case that the legal effect for a writ of *mandamus* against one of the judges of

*Smith* v. *The State, supra,* was an appeal from a judgment which was not in accord with the verdict. of the judgment was that the defendant serve both terms concurrently and that he was entitled to be dis-*Hollis* v. *The State, supra,* was also an appeal and held charged after having served two years.
that the imposition of a penalty greater than authorized by statute constituted reversible error.

In *The People* v. *Eller, supra,* an original petition ground that a writ of *habeas corpus* issued by said judge releasing a defendant was not void. In that case a judgment of fine and imprisonment was imposed for an offense for which the statute fixed the punishment as a fine or imprisonment. The defendant paid the fine and it was accepted. He was then released on *habeas corpus* on the theory that the judgment had been satisfied. The Supreme Court of Illinois said that "while the respondent had no jurisdiction to pass in review upon the judgment of the criminal court, he

did have jurisdiction to determine whether or not that judgment had been satisfied." For that reason the writ of *habeas corpus* was held not to be void and the writ of *mandamus* to expunge it from the record was denied.

None of these cases is authority for the proposition that the judgment in the instant cases can be attacked collaterally in a *habeas corpus* proceeding because the jury failed to fix the amount of the punishment.

Counsel for appellants also contends that the judgment in the Shoemaker case is void because the jury found the defendant "guilty as charged in the affidavit" and that the affidavit on which he was tried "does not charge a public offense." The only defect of the affidavit was the omission of the word "did" and counsel for the appellant contends that "under the strict construction necessary in criminal prosecutions . . . the affidavit does not charge that the defendant therein did anything."

In a *habeas corpus* proceeding, however, an affidavit or indictment, on which a conviction is based, is not considered by the rule of strict construction which would be applied in testing the charge in a criminal prosecution. "Where an attempt has been made to charge an offense of a kind over which the court has jurisdiction, mere inartificiality in pleading, or defects and irregularities in, or insufficiency of, the indictment, information, or complaint constitute no ground for relief by *habeas corpus*, because under such circumstances the detention is not without jurisdiction and is therefore not illegal." 39 C. J. S. § 20, pp. 463, 465.

It has long been the rule in this state that a judgment by a court of competent jurisdiction determines all ma-

terial issues involved between the parties to the action and all matters which might have been properly litigated or settled within the issues tendered or made by the pleadings, and to this extent such a judgment is not subject to a collateral attack. *Ryan* v. *Rhodes* (1906), 167 Ind. 121, 126, 76 N. E. 249, 78 N. E. 330.

Defects in the affidavit or in the verdict could have been reached by a proper motion in the trial court, and an appeal could have been prosecuted in which an adverse ruling on such motion could have been assigned as error. Having failed to take such steps the appellant may not now, in this collateral attack on the judgment, present such a question.

In *McLaughlin* v. *Etchison* (1890), 127 Ind. 474, 27 N. E. 152, it was said that while the affidavit there in question did not state a public offense and the conviction of the defendant was clearly erroneous, the judgment was not void and a writ of *habeas corpus* was refused.

In *Cruthers* v. *Bray* (1902), 159 Ind. 685, 65 N. E. 517, it was held that a judgment was not void and subject to attack in a *habeas corpus* proceeding where the judgment was based on an affidavit "containing at least a colorable criminal charge" against the defendant. See also *Tullis* v. *Shaw* (1908), 169 Ind. 662, 83 N. E. 376 and *Goodman* v. *Daly, Warden* (1929), 201 Ind. 332, 165 N. E. 906.

In the Shoemaker case the affidavit contained much more than a "colorable criminal charge." The defect pointed out amounted only to a clerical omission of the auxiliary verb "did." The affidavit was sufficient to apprise both the defendant and the court of the

charge on which the defendant was tried. *Edwards* v. *State* (1942), 220 Ind. 490, 44 N. E. (2d) 304.

We find no reversible error in these cases. The judgment in each of said cases is affirmed.

Note.—Cases reported in 58 N. E. (2d) 108.