## SHOEMAKER *v.* DOWD, WARDEN INDIANA STATE PRISON.

[No. 29,044.   Filed November 12, 1953.]

*James C. Cooper,* Public Defender of Indiana, and *Richard M. Given,* Deputy Public Defender, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl M. Franceschini,* Deputy Attorney General, for appellee.

BOBBITT, C. J.—Appellant was charged with the offense of bank robbery under the Acts of 1927, ch. 158, §1, p. 470, being §10-4102, Burns' 1942 Replacement, in May of 1935, in Hamilton County, Indiana, tried by jury, and found guilty as charged. The jury failed to fix the punishment to be imposed. The court entered judgment fixing the punishment at not less than fifty years in the Indiana State Prison. No appeal was taken from this judgment.

In February of 1944 appellant filed an application in two paragraphs for writ of habeas corpus in the La-Porte Circuit Court, alleging as grounds therefor in Paragraph II that the judgment of the court sentencing

him to a term of fifty years was void as to that part in excess of ten years because the court had no jurisdiction to assess any punishment in excess of the minimum prescribed by statute, i.e., ten years. To this petition a motion to quash was filed and sustained from which order appellant appealed to this court, and, in *Detrich, Clark, Shoemaker* v. *Dowd, Warden* (1945), 223 Ind. 106, 58 N. E. 2d 108, the judgment of the trial court dismissing petition for the writ was affirmed.

On January 9, 1953, appellant filed a second application for writ of habeas corpus in the LaPorte Circuit Court, alleging therein that the failure of the jury to fix and assess any punishment in their verdict amounted to "their finding and assessing the penalty for the minimum time" provided by statute, and that the amount of the punishment fixed by the court in excess of ten years is void. To this application a motion to quash was also filed and sustained by the court. From the order sustaining the motion to quash and dismissing the application for the writ, appellant again appeals to this court.

Two questions are here presented which require consideration.

*First:* Appellee asserts that the rule of res judicata applies in this case. Acts 1947, ch. 189, §4, p. 625, being §9-3304, Burns' 1942 Replacement, provides: "The common law rules of res adjudicata shall apply to proceedings for writs of habeas corpus in criminal matters."

The general common law rule as to the rule of res judicata in proceedings for writ of habeas corpus is that a decision under one writ of habeas corpus, refusing to discharge a prisoner, is not a bar to the issuance of another writ. This was the early common law rule and the federal courts, as well as many state courts, have generally accepted or given effect to

this rule where not changed by statutory enactment. *Darr* v. *Burford* (1950), 339 U. S. 200, 214, 70 S. Ct. 587, 596, 94 L. Ed. 761; *Waley* v. *Johnston* (1942), 316 U. S. 101, 62 S. Ct. 964, 86 L. Ed. 1302; *Wong Doo* v. *United States* (1924), 265 U. S. 239, 44 S. Ct. 524, 68 L. Ed. 999; *Salinger* v. *Loisel* (1924), 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989; 25 Am. Jur., Habeas Corpus, §156, p. 250; 39 C. J. S., Habeas Corpus, §105, p. 698. However, it has been repeatedly held that where a second or subsequent application is based on the same, or not materially different facts, a prior refusal to discharge may constitute authority for refusal on subsequent applications.[1] *Wells* v. *United States* (1947), 5 Cir., 158 F. 2d 833; *Pope* v. *Huff* (1944), 79 U. S. App. D. C. 18, 141 F. 2d 727; *Slaughter* v. *Wright* (1943), 4 Cir., 135 F. 2d 613; *Wong Doo* v. *United States, supra;* 39 C. J. S., Habeas Corpus, §105, p. 698, *supra.*

In jurisdictions where an appeal from the refusal to grant the writ or to discharge the applicant is provided and the refusal has been affirmed by an appellate tribunal, such action is conclusive authority for denial on subsequent applications based upon the same or similar facts. *Ex parte Moebus* (1906), C. C. D. N. H., 148 Fed. 39, 40.

Giving to the applicant the right of appeal deprives

---

1. Congress has recognized this rule and the unnecessary burden which repetitious and unfounded writs of habeas corpus has placed upon the federal courts by enacting a statute in 1948, which provides as follows:

"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry. June 25, 1948, c. 646, 62 Stat. 965." Tit. 28, U.S.C.A., §2244.

him of the unrestricted right of repeated application for the writ as it existed prior to the practice of granting appeals in habeas corpus proceedings. When he acquired the right of appeal he surrendered the right of unlimited application based upon the same or similar facts. See *Wong Doo* v. *United States, supra; Wells* v. *United States, supra; Pope* v. *Huff, supra; Slaughter* v. *Wright, supra;* 39 C. J. S., Habeas Corpus, §105, p. 698, *supra.*

No appeal was taken by appellant from the judgment of the Hamilton Circuit Court. Having failed to avail himself of this right, he cannot use the writ of habeas corpus for the purpose of an appeal. *Goodman* v. *Daly, Warden* (1929), 201 Ind. 332, 335, 165 N. E. 906; *Shideler* v. *Vrljich* (1925), 195 Ind. 563, 568, 145 N. E. 881; *Gillespie* v. *Rump* (1904), 163 Ind. 457, 463, 466, 468, 72 N. E. 138; *Dorsey* v. *Gill* (1945), 80 U. S. App. D. C. 9, 148 F. 2d 857, 873, and cases there cited; *Ex parte Belt* (1895), 159 U. S. 95, 15 S. Ct. 987, 40 L. Ed. 88; or to retry the issues, whether of law or of fact; *Dorsey* v. *Gill, supra.*

It is obvious that no useful purpose would be served by trying over and over again in habeas corpus proceedings the same questions which were fully considered and determined in the original proceedings. *Dorsey* v. *Gill* (1945), 80 U. S. App. D. C. 9, 148 F. 2d 857, 874, *supra.*

However, in the appeal from appellant's first application for the writ we failed to determine whether the sentence as fixed by the Hamilton Circuit Court in May of 1935 was valid, and for this reason we feel that we should now consider and determine this issue, which brings us to the second question for determination.

*Second:* In *Detrich, et al.* v. *Dowd, Warden* (1945), 223 Ind. 106, 110, 58 N. E. 2d 108, *supra,* this court

held that such judgment was not void and "The failure of the jury to fix the punishment amounted at most to an error which could be reached in a proper appeal but not in a *habeas corpus* proceeding."

Appellant asserts that *Witte* v. *Dowd, Warden* (1952), 230 Ind. 485, 102 N. E. 2d 630, overruled *Detrich, et al.* v. *Dowd, Warden, supra*. With this we do not agree. *Witte* v. *Dowd, Warden, supra,* did not change the rule that defects and irregularities which do not go to the question of jurisdiction are not grounds for relief by habeas corpus. It simply extended the scope of the rule for determining the question of jurisdiction.

Prior to the opinion in the Witte case, in determining whether the judgment attacked in habeas corpus proceedings was within the jurisdiction of the court which entered it, we looked only to the face of the judgment and commitment. The Witte case extended this inquiry —into the jurisdiction of the trial court—to an examination of the "intrinsic record" of the court.

The only questions raised in *Detrich, et al.* v. *Dowd, Warden, case,* and the only question here presented appear on the face of the judgment, consequently no question raised in *Detrich, et al.* v. *Dowd, Warden, supra,* or in the case at bar comes within that part of the rule as extended by the Witte case. We fail to see, therefore, that the rule as amplified in the Witte case in any way affects the ruling in the *Detrich, et al.* v. *Dowd, Warden, case,* and furnishes no authority for bringing the action at bar.

The rule which we think here applicable was ably stated by Judge Parker in *Sanderlin* v. *Smyth* (1943), 4 Cir., 138 F. 2d 729, 731, as follows:

"Ordinarily, failure to raise a constitutional question during trial amounts to waiver thereof (United States v. Brady, 4 Cir., 133 F. 2d 476, 481) ; and only where failure to raise the question at the trial was due to ignorance, duress or other reason for which petitioner should not be held responsible, may resort be had to habeas corpus in the federal courts, and, even in these cases, only where it is made to appear that there has been such gross violation of constitutional right as to deny to the prisoner the substance of a fair trial and thus oust the court of jurisdiction to impose sentence."

Appellant contends that it was beyond the jurisdiction of the Hamilton Circuit Court to impose a sentence of fifty years, and that that part of the sentence in excess of ten years is void. This brings the charge within the rule pertaining to excessive penalties.

The rule is well settled that if a court having jurisdiction of the person and subject matter imposes a sentence which is merely excessive, such sentence is not void *ab initio* because of the excess, but is valid insofar as the power of the court extended, and is invalid only as to the excess, and under such a sentence habeas corpus will not lie to discharge the person held in custody until he has served as much of the sentence as was in the power of the court to impose. However, after the authorized part of the sentence has been served, any further detention becomes illegal and may be reached by the writ. 25 Am. Jur., Habeas Corpus, §59, p. 188.

At the time of the filing of the first application, appellant had served the minimum term required by statute. He admits that the court had the power to impose the first ten years of the fifty-year sentence, but contends that the additional forty years' sentence is void. If this is true, then he was illegally held at the

time of filing both the first and second applications for the writ.

If all of appellant's sentence in excess of ten years is void as he contends, and he had served the minimum requirement under the statute, then it was error to dismiss his first petition on the ground that the question raised was merely a defect in the judgment which could have been reached in a motion for a new trial.

Detrich and Clark, who were convicted of the offense of bank robbery in the Vermillion Circuit Court and who are the appellants, Detrich and Clark, in 223 Ind. 106, 58 N. E. 2d 108, *supra,* subsequent to the decision of this court in that case, each filed petitions for writs of habeas corpus in the District Court of the United States for the Northern District of Indiana, South Bend Division, which petitions were denied and the decision of the District Court dismissing each of the petitions was affirmed by the Seventh Circuit Court of Appeals. In *Detrich* v. *Howard* (1946), 155 F. 2d 307, at page 309, the Circuit Court of Appeals said:

> "The highest court of Indiana has held appellants' sentences to be valid for the purposes of the habeas corpus petitions heard in the state courts of Indiana. Such petitions were based upon the due process contention here presented and the decision of the Indiana court disposed of this question by finding the judgment sentencing appellants to be now valid and subsisting for the life terms thereby inflicted, and that the continued imprisonment of appellants was not, therefore, without due process of law. The appellants could have presented every contention here urged on appeal to the United States Supreme Court or by petition to that court for writ of certiorari to review the Indiana decision. Not having done so, they had no recourse to the district court in these proceedings. White v. Ragen, 324 U. S. 760, 65 S. Ct. 978, 89 L. Ed. 1348."

The Circuit Court then proceeded to decide the question of the validity of the sentence imposed ▮ by the Circuit Court Judge under the 1927 Bank Robbery Act, and, at page 309, 155 F. 2d, said:

"The 1927 bank robbery act may be construed contrary to appellants' contention. The act is complete, specific and particular in respect to this crime. It is made the duty of the judge of the court *trying any case* under the act to fix the penalty in case of conviction. There is no apparent ambiguity. This provision is not limited by anything contained in the act to cases where a jury is waived or a defendant pleads guilty. To import such a limitation requires reference and subordination to the other more general Act of 1927 which is in other respects dissimilar. Where one statute deals clearly and specifically with a part of a general subject in a definite manner and is repugnant to the more general provisions of the same or another law covering the same general subject, the former specific act prevails. In this case the 1927 bank robbery act is to be given effect even though repugnant to the general act relating to the fixation of criminal penalties adopted at the same session of the Indiana legislature. The crime of bank robbery is to be deemed to be an exception to the cases covered by the latter act, although not expressly excepted therefrom, 59 Corpus Juris 1056, 1058; Kingan & Co., Ltd., v. Ossam, 190 Ind. 554, 131 N. E. 81; Townsend v. Little, 109 U. S. 504, 3 S. Ct. 357, 27 L. Ed. 1012. A limitation upon the duty placed upon the trial judge by this act, such as contended for, requires the reading into the bank robbery act of words which are not there. This is not permissible, 59 C. J. 974, Kunkalman v. Gibson, 171 Ind. 503, 84 N. E. 985, 86 N. E. 850; Wabash R. Co. v. United States, 8 Cir., 178 F. 5, 101 C. C. A. 133, 21 Ann. Cas. 819."

We approve and adopt the construction of this act placed upon it by the Circuit Court of Appeals for the Seventh Circuit.

The judge of the Hamilton Circuit Court was authorized by statute to impose a sentence of fifty years upon appellant for the crime of which he was found guilty. There is, therefore, no basis for appellant's contention that the sentence imposed upon him in excess of ten years is invalid and void.

We recognize and give full force to the provision of the Indiana Constitution (Art. 1, §27) which provides that the privilege of writ of habeas corpus shall not be suspended, except in case of rebellion or invasion; and then only if the public safety demands it. Yet, we do not believe that the right conferred under this provision of the Constitution carries with it an unlimited permit to abuse the right, nor does it extend so far as to force an abandonment of all respect for final judgments and consideration for legal and orderly procedure.

For the reasons above stated the LaPorte Circuit Court was fully justified in dismissing appellant's second application.

The trial court did not err in sustaining the motion to quash and dismissing the application.

Judgment affirmed.

Gilkison, J., not participating.

NOTE.—Reported in 115 N. E. 2d 443.