SAYLES *v.* STATE OF INDIANA.

[No. 0-503.  Filed December 18, 1957.]

*Nathaniel L. Sayles, pro se.*

*Edwin K. Steers,* Attorney General, *Merl M. Wall,* Deputy Attorney General, for respondent.

PER CURIAM.—Appellant was charged in the Lake Criminal Court with having uttered a fraudulent check. Upon his plea of guilty he was sentenced to the Indiana State Prison at Michigan City, LaPorte County, for a term of one to ten years.

Thereafter he filed a petition for a writ of habeas corpus in the LaPorte Circuit Court, directed to the Warden of the Prison. It is difficult to determine the exact grounds upon which the petition was grounded. It does not challenge the jurisdiction of the Lake Criminal Court to render the particular judgment. Rather it deals with certain alleged irregularities, some of which occurred within the proceedings of the Lake

Criminal Court and others of which were extraneous to that proceedings. The writ of habeas corpus was denied by the LaPorte Circuit Court on the ground that the court was without jurisdiction to inquire into the matter set forth in the petition.

The Lake Criminal Court which entered the original judgment is a court of general criminal jurisdiction. The intrinsic record of said court as set out in these proceedings demonstrates that that court had jurisdiction to render the judgment complained of and that the judgment and commitment were regular on their face. Under such circumstances courts of co-ordinate jurisdiction do not have power to review or correct the errors of each other in habeas corpus proceedings. Therefore, the LaPorte Circuit Court had no jurisdiction to issue a writ of habeas corpus in an action against the Warden of the State Prison, based merely upon alleged certain irregularities in and others extraneous to the proceedings in the Lake Criminal Court. *Dowd, Warden* v. *Anderson* (1942), 220 Ind. 6, 40 N. E. 2d 658; *Detrich; Clark; Shoemaker* v. *Dowd, Warden* (1944), 223 Ind. 106, 58 N. E. 2d 108; *Witte* v. *Dowd, Warden* (1951), 230 Ind. 485, 102 N. E. 2d 630.

Judgment affirmed.

NOTE.—Reported in 146 N. E. 2d 552.