DOWD, WARDEN ETC. *v.* TODD.

[No. 30,079. Filed July 24, 1962.]

*Edwin K. Steers*, Attorney General, and *Richard C. Johnson*, Deputy Attorney General, for appellant.

*Robert S. Baker*, Public Defender, and *Thomas A. Hoadley*, Deputy Public Defender, for appellee.

ACHOR, J.—The appellee brought an action for writ of habeas corpus against the Warden of the In-

diana State Prison in the Superior Court of LaPorte County, claiming that the judgment under which he was committed was *void,* and that the Criminal Court Division Two of Marion County had no jurisdiction to enter the sentence which was imposed upon him. The LaPorte Circuit Court granted the writ of habeas corpus, from which judgment this appeal is taken by the Warden.

It appears from the record that the prisoner was tried and convicted on two counts, one for auto banditry, which carried a determinate sentence of ten to twenty-five years, and another on a count of robbery, which carried an indeterminate sentence of ten to twenty-five years.

In *Mims et al. v. State* (1957), 236 Ind. 439, 140 N. E. 2d 878, in a similar situation *on an appeal* from a conviction on two counts, one of which was included in the other, we held that the court erred in sentencing the defendant on two counts. We held further that a judgment should be entered and that the defendant should be sentenced on the greater offense only. We did not hold in that case, as appellee here urges, that the judgment was void in that the court lacked jurisdiction to impose the erroneous sentence.

The appellant in this appeal points out that the statute of this state provides:

> "No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following:
>
> . . .
>
> "Second. Upon any process issued on any final judgment of a court of competent jurisdiction."
> Burns' §3-1918, 1946 Repl.

It has long been the law in this state, as well as all other jurisdictions, that courts of coordinate jurisdiction do not have the power to review or correct the errors of each other in a habeas corpus proceeding. Judgments of such courts are final unless the error complained of is presented by a proper appeal to the reviewing court, the exception being that the erroneous action of the court is outside its lawful jurisdiction and, therefore, void.

The appellee relies entirely, so far as we can determine, upon the case of *Witte* v. *Dowd, Warden* (1951), 230 Ind. 485, 496, 497, 102 N. E. 2d 630. An examination of that case reveals that it is of no help to the appellee. The court, in that case, gives a scholarly review of the history of the writ of habeas corpus. The opinion states the proposition that habeas corpus is available to all persons restrained of their liberty by reason of void judgments. This discourse is coupled with an extended discussion as to what are void, as distinguished from merely voidable judgments. However, the court in the end affirmed the action of the trial court and denied the writ of habeas corpus. Therefore, statements made in the case, which were not material to the decision and upon which appellee here relies, were merely dicta.

In the above cited case, the LaPorte Circuit Court was asked to examine the final judgment of another trial court. In that case the trial court failed to enter a formal sentence of imprisonment for forgery before proceeding to sentence the appellant for life as an habitual criminal. The court held that the judgment was not void, but merely erroneous, and that the sentencing court had jurisdiction. The court in that opinion made the following comment:

"The trial court failed to enter a sentence of imprisonment for forgery before proceeding to sentence appellant to imprisonment for life [as an habitual criminal], but in our opinion this does not make the judgment void. . . ."

. . .

The failure to impose the sentence for forgery was an irregularity, but it did not deprive the trial court of jurisdiction to impose the sentence for life, and the judgment is not void and subject to a collateral attack by habeas corpus." *Witte* v. *Dowd, Warden, supra,* pp. 496, 497.

All other matters commented upon in the *Witte* case, *supra,* and here relied upon by the appellee, as authority for the right of the LaPorte Circuit Court to go back of the judgment and examine and review the action of another trial court, can be regarded only as dicta which had no application to the issue presented to the court in that case. The opinion, therefore, does not provide controlling precedent for the decision in the case at bar.

Far too frequently the term "lack of jurisdiction" is loosely used and overworked as a catchall to support a desired remedy. From such a premise it is then argued that all actions of a court are "void." We cannot ascribe "lack of jurisdiction" indiscriminately as a basis for achieving every remedy, however desirable.

In the case before us the court had general jurisdiction of the subject matter, namely, the crimes involved. The court also had jurisdiction of the party involved. Under no theory can it be urged that there was lack of jurisdiction in the Marion Criminal Court, Division Two, or that the judgment was void. At the most, it was contrary to law and therefore erroneous. This fact was recognized in the more recent case of *Shoemaker* v. *Dowd, War-*

*den* (1953), 232 Ind. 602, 607, 115 N. E. 2d 443, which limits and criticizes the dicta in the *Witte* case, *supra*. In the *Shoemaker* case, in denying a writ of habeas corpus, this court stated:

> "No appeal was taken by the appellant from the judgment of the Hamilton Circuit Court. Having failed to avail himself of this right, he cannot use a writ of habeas corpus for the purpose of an appeal."

Furthermore, we must give consideration to the fact that since the case of *Witte* v. *Dowd, Warden* (1951), *supra,* this court has promulgated Rule 2-40B, which provides as follows:

> "*Correction of Sentence.* Whenever it shall appear from the indictment or affidavit and final judgment in any criminal cause that an erroneous sentence has been imposed by the trial court, the defendant in such cause may at any time petition the trial court to correct retroactively such judgment to conform to the term of imprisonment specified in the applicable statute upon proper notice. (By serving a copy of the petition in person or by mail) upon the Prosecuting Attorney of the circuit and the Attorney General of Indiana. An appeal may be taken to the Supreme Court from a final order granting or denying said petition under the same rules and conditions as provided in rules 2-40 and 2-40A of this Court. Effective November 16, 1954."

The result is, that the procedure approved in the *Witte* case, *supra,* and here relied upon by the appellee, has been nullified by the remedy afforded by the above rule, which expressly gives the appellee the right to apply to the court which sentenced him for a correction of the judgment. It also provides for an appeal from any denial of such petition.

It appears to us that the appellee here has been erroneously sentenced for the lesser included offense of robbery, and should have been sentenced on the conviction of auto banditry only. It also appears that appellee's remedy is to make application pursuant to Rule 2-40B, *supra*, to the Marion Criminal Court, Division Two, for correction of this apparent error, which we have reason to believe, in view of the decision of this court in *Mims et al.* v. *State, supra* (236 Ind. 439, 140 N. E. 2d 878), will be granted promptly.

The judgment of the LaPorte Circuit Court is reversed, with directions to sustain the motion to quash the writ herein.

Arterburn, C. J., and Landis, J., concur.

Bobbitt, J., not participating.

Jackson, J., dissents with opinion.

### DISSENTING OPINION.

JACKSON, J.—This is an appeal by the Warden of the Indiana State Prison from the judgment of the Superior Court of LaPorte County, discharging appellee from the Indiana State Prison.

The record discloses that an indictment in two counts was filed against appellee and another in the Criminal Court of Marion County, Indiana, Division Two, in cause No. CR 7136-Z. Count one of said indictment charged appellee with the offense of robbery; and count two thereof charged appellee with the crime of automobile banditry.

Trial was by jury, resulting in verdicts of guilty on both counts. In view of the issues in this case we set out both the verdicts and the judgment entered thereon. The verdict is as follows:

"We the Jury, find the defendant, Carl Linley [Lindley] Todd, guilty of automobile banditry as charged in the second count of the indictment that his age is unknown and that he be imprisoned for Ten years.

A. C. Steen, Foreman

"We, the jury, find the defendant, Carl Linley [Lindley] Todd, guilty of robbery as charged in the first count of the indictment and that he be disfranchised and rendered incapable of holding any office of trust or profit for the period of 10 years and we further find that the age of the defendant is unknown.

A. C. Steen, Foreman."

The trial court entered judgment on the verdicts as follows:

"And on the verdicts of the jury the Court finds that the defendant, Carl Linly [Lindley] Todd, is guilty of the crime of robbery and the crime of automobile banditry all as charged in the Indictment; that his true age is 36 years; that the defendant, Carl Linly [Lindley] Todd, should be imprisoned in the Indiana State Prison for ten years for the crime of automobile banditry; that the defendant, Carl Linly [Lindley] Todd, should be imprisoned in the Indiana State Prison for not less than ten years nor more than 25 years for the crime of robbery and for said crime of robbery defendant, Carl Linley [Lindley] Todd, should be disfranchised and rendered incapable of holding any office of trust or profit for ten years.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the defendant, Carl Linly [Lindley] Todd, be, and is hereby, sentenced to the Indiana State Prison for a period of ten years for the crime of automobile banditry; it is further ordered, adjudged and decreed by the court that the defendant, Carl Linly [Lindley] Todd, for the crime of robbery, be, and is hereby, sentenced to the Indiana State Prison for not less than 10 years nor more than 25 years and disfranchised and rendered incapable

of holding any office of trust or profit for 10 years; that the defendant herein pay the costs herein or stand committed until said costs are paid or stayed.

"And the Sheriff of Marion County is charged with the due execution of this judgment."

Trial was concluded, verdicts rendered and judgment pronounced on January 22, 1952. Immediately after the rendition of the court's judgment, commitments were issued and appellee was transported to and confined in the Indiana State Prison.

On October 25, 1960, appellee filed his Verified Petition for a Writ of Habeas Corpus in the LaPorte Superior Court, and the writ was ordered issued the same day. On November 1, 1960, appellant filed a Motion to Quash the writ, with the same being overruled November 10, 1960. On November 22, 1960, appellant filed his Return to the Writ. Thereafter, on November 23, 1960, appellee filed his Exceptions to the Appellant's Return to the Writ of Habeas Corpus and on the same date, after hearing evidence in the matter, the court found that appellee was unlawfully restrained of his liberty by the appellant and entered judgment on the same date as follows:

"IT IS THEREFORE CONSIDERED AND ADJUDGED by the court that the said CARL LINDLEY TODD ought to be released from said restraint. It is further considered and adjudged by the court that the said CARL LINDLEY TODD be and he is hereby discharged from said restraint, detention and imprisonment, and from the custody of the said ALFRED F. DOWD, Warden of the Indiana State Prison, and that he go hence without restraint.

"Dated this 23rd day of November, 1960.

"(Signed) James P. Gleason

Special Judge"

On December 13, 1960, appellant filed his motion for a new trial, which, omitting formal parts and signature, reads as follows:

"MOTION FOR NEW TRIAL

"The Respondent in the above entitled cause moves the Court for a new trial herein on each of the following grounds:

"1. Error in the proceedings of the trial court, by which Respondent was prevented from having a fair trial, to-wit:

"a. Overruling of the Respondent's Motion to Quash.

"2. That the decision and finding of the trial court is contrary to law."

The motion for new trial was overruled by the court on January 13, 1961. Thereafter, appellant filed his Praecipe for Transcript and on March 29, 1961, filed his assignment of errors which, omitting formal parts and signature, reads as follows:

"The Appellant avers that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to the Appellant, in this:

"1. The court erred in overruling Appellant's Motion for a New Trial.

"2. The court erred in overruling Appellant's Motion to Quash."

Appellee asserts, and we agree, that only two questions are presented by this appeal.

(a) Was the judgment rendered by the original trial court against the appellee for robbery null and void, and,

(b) Did the LaPorte Superior Court have jurisdiction to entertain appellee's petition for a writ of habeas corpus?

In arriving at a determination of the first question, it is necessary that we examine the judgment rendered on the verdicts, such judgment in pertinent part reads: ". . . the defendant, Carl Linly [Lindley] Todd, be and is hereby, sentenced to the Indiana State Prison for a period of ten years for the crime of automobile banditry; it is further ordered, . . . that the defendant, Carl Linly [Lindley] Todd, for the crime of robbery, be, and is hereby, sentenced to the Indiana State Prison for not less than 10 years nor more than 25 years. . . ."

The crime of robbery is defined and the punishment prescribed therefor by Acts 1941, ch. 148, §6, p. 447, being §10-4101, Burns' 1956 Replacement, and provides in part: ". . . on conviction shall be imprisoned not less than ten [10] years nor more than twenty-five [25] years. . . ."

The crime of automobile banditry was defined and the punishment prescribed therefor at the time sentence was imposed on appellee by Acts 1929, ch. 54, §3, p. 136, being §10-4710, Burns' 1956 Replacement. It provided in part as follows: ". . . upon conviction thereof, shall be imprisoned in the state prison for *any determinate period* not less than ten [10] years nor more than twenty-five [25] years." [Emphasis supplied.]

The appellee argued, successfully, in his Petition for Habeas Corpus that the sentence imposed for the crime of robbery was void for the reason that the same was a lesser included offense in the crime of automobile banditry and that since he had served the time required under the provisions of Acts 1933, ch. 164, §1, p. 858, 1947, ch. 85, §1, p. 257, being §13-116, Burns' 1956 Replacement, providing for the

diminution of sentences, he was, therefore, entitled to his release.

It is clear that the charge of robbery set out in count one of the indictment was the identical charge of robbery set out in count two thereof, with the additional allegations bringing the charge within the automobile banditry statute.

Before the appellee could have been found guilty of automobile banditry, it was incumbent upon the State to first prove appellee committed or attempted to commit the robbery charged in count one of the indictment, and in addition, to have proved that the appellee had at the time, on or near the premises, an automobile, etc., by the use of which he escaped, attempted or intended to escape. *Steffler* v. *State* (1952), 230 Ind. 557, 568, 104 N. E. 2d 729; *Mims et al.* v. *State* (1957), 236 Ind. 439, 140 N. E. 2d 878.

It is contended by appellant in the case at bar that the crime of robbery is not a lesser and included offense in the crime of automobile banditry because of the penalty provided for each crime. That question has heretofore been determined by this court, adversely to the appellant in the case of *Beck* v. *State* (1958), 238 Ind. 210, 213, 149 N. E. 2d 695, where it is said:

> "To be an included offense, all the elements of the lesser offense must be contained in the greater offense—the greater containing certain elements not contained in the lesser."

In the case at bar the charge of automobile banditry contained all of the elements of robbery, and contained additional elements not contained in the robbery count to bring it within the purview of the automobile banditry statute.

The next question for consideration is that of the jurisdiction of the LaPorte Superior Court to entertain appellee's petition for a writ of habeas corpus.

Appellant challenges the jurisdiction of the LaPorte Superior Court in the case at bar on the theory that Acts 1881 (Spec. Sess.), ch. 38, §790, p. 240, being §3-1918, Burns' 1946 Replacement, is in bar of those proceedings. The pertinent part of the statute reads,

> "No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following:
>
> . . . .
>
> "Second. Upon any process issued on any final judgment of a court of competent jurisdiction.
> . . ."

In the case of *Witte* v. *Dowd, Warden* (1952), 230 Ind. 485, 102 N. E. 2d 630, it was held that the second section of the above quoted statute could not be constitutionally construed to prohibit an inquiry into the jurisdiction of the court rendering the judgment as determined by the intrinsic record of that court. That a court of co-ordinate jurisdiction, in a habeas corpus proceeding, had the power and jurisdiction to go behind the commitment and inquire into the intrinsic record of the committing court to ascertain not only whether such court had general jurisdiction and jurisdiction of the party, but also to ascertain whether the committing court had jurisdiction to enter the particular judgment which it did enter.

Appellant's contention is correct that the *Witte* case, *supra*, did not abrogate the rule that habeas corpus will not lie to correct errors or irregularities of another court of co-ordinate jurisdiction.

It is only when the errors or irregularities are such that the record proper of the trial court shows that the court did not have jurisdiction to enter the particular judgment which it did enter, does habeas corpus lie. (See footnotes 7 and 8—*Witte* v. *Dowd, Warden* (1952), 230 Ind. 485, 494, 495.)

When the trial court rendered judgment against appellee, sentencing him for a term of imprisonment for ten years for automobile banditry, and also sentenced him for a term of not less than ten and no more than twenty-five years for the included offense of robbery, the judgment for robbery was beyond the power or jurisdiction of the court to render, was excessive and void as to the excess.

The remedy suggested in the concluding paragraphs of the majority opinion is not now available to the appellee for the reason that the term of court at which the judgment was rendered has terminated. Even if such remedy still existed appellee need not avail himself of it as in the case at bar the judgment complained of is void and not erroneous.

The LaPorte Superior Court had jurisdiction to entertain and grant appellee's petition for a Writ of Habeas Corpus and the Judgment of the court should be affirmed.

NOTE.—Reported in 184 N. E. 2d 4.