ADAMS *v.* EADS, SHERIFF.

[No. 1270S296. Filed February 17, 1971. No petition for rehearing filed.]

*William C. Erbecker,* of Indianapolis, for appellant.

*James A. Buck,* of Indianapolis, for appellee.

DeBruler, J.—After being indicted for First Degree Murder, appellant filed a Petition for Writ of Habeas Corpus in order to be admitted to bail. The appellee moved to dismiss the petition on the ground that appellant had already had a bond hearing on a previous writ of habeas corpus. The appellee filed the following motion:

> "Comes now Noble R. Pearcy, Prosecuting Attorney of the Nineteenth Judicial Circuit, and respectfully moves the Court to dismiss the defendant's petition for habeas corpus filed herein on November 16, 1970 and to quash the writ issued thereunder, for the reason that this Court lacks jurisdiction over the subject matter of said petition for habeas corpus because the same is res judicata, this defendant's petition for habeas corpus having already been determined adversely to him in Cause No. Cr 70-742 in this Court."

The trial court sustained this motion which ruling is assigned as error on appeal.

On appeal appellant's sole argument is that after an indictment for murder, I. C. 1971, 35-1-22-6, being Burns § 9-1035, gives him a right to a bond hearing on habeas corpus, even

if the same issues had been presented to the court and determined on their merits in a previous habeas corpus proceeding filed by appellant prior to the indictment.

"When any person is indicted for murder, the court in which the indictment is pending, upon motion, or in vacation the judge of the circuit or criminal court, upon application by writ of habeas corpus, may admit the defendant to bail, when it appears upon examination that he is entitled to be let to bail." I. C. 1971, 35-1-22-6.

We do not agree with appellant's contention. I. C. 1971, 35-10-2-3, being Burns § 9-3304, says:

"The common law rules of res adjudicata shall apply to proceedings for writs of habeas corpus in criminal matters."

In discussing res judicata and successive applications for habeas corpus, we said in *Shoemaker* v. *Dowd* (1953), 232 Ind. 602, 115 N. E. 2d 443:

"The general common law rule as to the rule of res judicata in proceedings for writ of habeas corpus is that a decision under one writ of habeas corpus, refusing to discharge a prisoner, is not a bar to the issuance of another writ. This was the early common law rule and the federal courts, as well as many state courts, have generally accepted or given effect to this rule where not changed by statutory enactment. (Cases Omitted.) However, it has been repeatedly held that where a second or subsequent application is based on the same, or not materially different facts, a prior refusal to discharge may constitute authority for refusal on subsequent applications. (Cases Omitted.)

"In jurisdictions where an appeal from the refusal to grant the writ or to discharge the applicant is provided and the refusal has been affirmed by an appellate tribunal, such action is conclusive authority for denial on subsequent applications based upon the same or similar facts. (Cases Omitted.)

"Giving to the applicant the right of appeal deprives him of the unrestricted right of repeated application for the writ

as it existed prior to the practice of granting appeals in habeas corpus proceedings. When he acquired the right of appeal he surrendered the right of unlimited application based upon the same or similar facts. (Cases Omitted.)

"No appeal was taken by applicant from the judgment of the Hamilton Circuit Court. Having failed to avail himself of this right, he cannot use the writ of habeas corpus for the purpose of an appeal. (Cases Omitted.)

"It is obvious that no useful purpose would be served by trying over and over again in habeas corpus proceedings the same questions which were fully considered and determined in the original proceedings." 232 Ind. at 605-607.

There is nothing in § 9-1035 which prohibits the application of the rules of res judicata to bond hearings held on petition for habeas corpus. It merely gives an accused a right to such a bond hearing after the indictment. Appellant also had the right to seek a bond hearing on a habeas corpus petition filed prior to the indictment. I.C. 1971, 34-1-57-15, being Burns § 3-1902.

We are not here asked to review the application of the doctrine of res judicata by the trial court in dismissing appellant's petition.

Judgment affirmed.

Arterburn, C.J., Givan, Hunter, and Prentice, JJ., concur.

NOTE.—Reported in 266 N. E. 2d 610.