## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 07 2016, 5:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Aaron E. Isby
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aaron Isby a/k/a Aaron Israel, *Appellant-Petitioner,* <br><br> v. <br><br> Richard Brown in his capacity as Warden of Wabash Valley Correctional Facility, *Appellee-Respondent.* | September 7, 2016 <br><br> Court of Appeals Case No. 77A05-1601-MI-233 <br><br> Appeal from the Sullivan Circuit Court <br><br> The Honorable Lakshmi Reddy, Special Judge <br><br> Trial Court Cause No. 77C01-1411-MI-673 |

**Bradford, Judge.**

# Case Summary

In 1988, Appellant-Petitioner Aaron Isby began serving a thirty-year sentence for robbery. In 1992, Isby was sentenced to forty years imprisonment for an attempted murder committed while he was incarcerated. The sentencing court ordered Isby to serve the attempted murder sentence consecutive to his prior sentence for robbery. In 2008, Isby completed his thirty-year robbery sentence. In 2010, Isby filed a complaint against the commissioner of the Indiana Department of Correction ("DOC") which was treated as a petition for writ of habeas corpus. Isby's petition was denied by the trial court and that decision was affirmed by this court on appeal. In 2014, Isby filed a second habeas petition which the trial court denied. We affirm the trial court's denial of Isby's petition.

## Facts and Procedural History

On September 27, 2010, Isby filed a petition for writ of habeas corpus which was ultimately denied by this court on appeal. *Isby v. Lemmon*, No. 77A01-1504-PL-132 (Ind. Ct. App. 2015). As we outlined in *Lemmon*, Isby's underlying convictions can be summarized as follows:

> Isby's record of convictions, sentences, and pro se petitions makes outlining his status something of a challenge, but rather than elaborate on his seven convictions and a contempt sentence, we think the crucial timelines are these: (1) a thirty-year sentence for class A robbery, imposed in 1988, from which he was released in 2008; (2) a ninety-day sentence for contempt of court, which he began serving after finishing his sentence for robbery; and (3) a forty-year sentence for an attempted murder he

committed while in prison[1], a sentence that began to run in 2009 after he finished his sentence for contempt.

In 2010, Isby filed a complaint for declaratory and injunctive relief, contending that he was entitled to immediate release. The case was transferred to Sullivan County, where Isby is presently confined. After an appeal which produced a change of judge, Special Judge Christopher Newton granted the State's motion for summary judgment.

*Id.* at slip op. 1.

[3] In *Lemmon*, Isby argued that the was entitled to immediate release because a 2008 letter from the parole board indicated that he should be released to parole in 2009 after serving his sentence for robbery. In other words, Isby would have been paroled on his original robbery sentence in 2009 if not for his forty-year sentence for attempted murder. This court addressed Isby's argument as follows:

> The Parole Board's letter to Isby was correct, as far as it went. In early 2009, Isby completed the executed portion of his robbery sentence and the ninety days he owed on the contempt. The Board's letter made no mention of the fact that Isby was to begin serving his sentence for attempting to murder a prison guard after these two obligations ran their course. It may be that Isby's letter to the Board did not mention his sentence for attempted murder, just as he has argued here that it was improper for Judge Newton to take cognizance of that conviction in deciding that Isby was not entitled to an order releasing him from prison. Or, it may be that the Board responded to Aaron Isby thinking that he and

---

[1] In October of 1990, while incarcerated, Isby stabbed a correctional officer in the neck with a knife.

Aaron Israel were two different people, as appellant has used both names.

In any event, the forty-year conviction and sentence for attempted murder appear not actually to be under attack. There are no disputes of material fact, and the trial court properly granted judgment to the State.

*Id.* at slip op. 2.

[4] The instant appeal concerns a second habeas petition filed by Isby on November 25, 2014. In this petition, Isby again argued that the parole board letter entitled him to release in 2009. Isby also argues that his sentence for attempted murder should have run concurrent to his sentence for robbery. On January 5, 2016, the trial court denied Isby's petition finding that his claims were barred by the doctrine of res judicata and that his sentences were properly run consecutively.

# Discussion and Decision

[5] On appeal, Isby reiterates his argument that the parole board letter entitles him to release and argues that his sentence for attempted murder should have run concurrent to his sentence for robbery.

## I. Whether Isby's Claim is Barred by the Doctrine of Res Judicata

[6] "The doctrine of res judicata bars litigating a claim after a final judgment has been rendered in a prior action involving the same claim between the same

parties or their privies. The principle behind the doctrine is the prevention of repetitive litigation of the same dispute." *Love v. State*, 22 N.E.3d 663, 664 (Ind. Ct. App. 2014) (quotations omitted), *trans. denied*. Isby argues that the doctrine of res judicata should not apply here for two reasons: (1) the doctrine cannot be applied to habeas corpus cases, and (2) the respondent in this case is different than in his previous habeas petition.

[7]     As for his first argument, Isby is incorrect in his belief that the doctrine of res judicata cannot be applied to habeas cases. The Indiana Supreme Court has held as follows on this issue:

> The general common-law rule as to the rule of res judicata in proceedings for writ of habeas corpus is that a decision under one writ of habeas corpus, refusing to discharge a prisoner, is not a bar to the issuance of another writ. This was the early common-law rule and the federal courts, as well as many state courts, have generally accepted or given effect to this rule where not changed by statutory enactment. However, it has been repeatedly held that where a second or subsequent application is based on the same, or not materially different, facts, a prior refusal to discharge may constitute authority for refusal on subsequent applications.
>
> * * *
>
> It is obvious that no useful purpose would be served by trying over and over again in habeas corpus proceedings the same questions which were fully considered and determined in the original proceedings.

*Shoemaker v. Dowd*, 232 Ind. 602, 606-607, 115 N.E.2d 443, 446 (1953); *see also*
*Adams v. Eads*, 255 Ind. 690, 692, 266 N.E.2d 610, 611 (1971); *Love*, 22 N.E.3d
at 664.

[8]     With regards to his second argument, Isby claims that the named parties are
different in his two habeas petitions. In *Lemmon*, Isby named the
Commissioner of the DOC as a defendant, whereas here he brought his claim
against the Superintendent of the Wabash Valley Correctional Facility. Both of
these individuals were sued in there capacity as State actors whose function it is
to maintain Isby's incarceration. Therefore, there is no meaningful difference
between these two parties for the purposes of Isby's habeas petitions and,
likewise, the application of the doctrine of res judicata. Accordingly, we decline
to address any of Isby's contentions which were raised in his previous petition
for habeas corpus including his claim regarding the parole board's letter.

## II. Whether the Sentencing Court Erred in Running Isby's Sentence for Attempted Murder Consecutive to his Prior Sentences

[9]     Isby claims that his sentence for attempted murder should have begun running
as soon as it was imposed. For its part, the State claims that the sentence
properly began running as soon as Isby finished serving his prior sentence for
robbery. Initially, we note that by challenging the imposition of consecutive
sentences, Isby is essentially attempting to convert his habeas petition into a
petition for post-conviction relief, which he is not permitted to do. *See Sumbry
v. Misc. Docket Sheet for Year 2003*, 811 N.E.2d 457, 460 (Ind. Ct. App. 2004) ("a

person may not petition a court for writ of habeas corpus to attack his conviction or sentence."). Nevertheless, we will address why there was no error in running Isby's sentences consecutively.

[10] Indiana Code section 35-50-1-2(e) provides that "If, after being arrested for one (1) crime, a person commits another crime [] before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime…the terms of imprisonment for the crimes shall be served consecutively." Pursuant to this statute, Isby was properly ordered to serve his attempted murder sentence consecutive to his prior sentences. As such, Isby did not begin serving his forty-year attempted murder sentence until 2009. The trial court did not err in denying Isby's petition for writ of habeas corpus.

[11] The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.