## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 12 2017, 9:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Antwoin Richmond
New Castle Correctional Facility
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Antwoin Richmond,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

December 12, 2017

Court of Appeals Case No.
33A01-1707-MI-1537

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No.
33C02-1703-MI-20

**Crone, Judge.**

# Case Summary

[1] Antwoin Richmond, pro se, appeals the trial court's entry of summary judgment in favor of the State on his petition for writ of habeas corpus. Concluding that his claim for relief is barred by the doctrine of res judicata, we affirm.

# Facts and Procedural History

[2] Richmond pled guilty to class A felony child molesting in December 2007. The trial court imposed a sentence of twenty years. Richmond was released to parole on February 14, 2013. In April 2016, Richmond was served with a warrant for a parole violation. Following a hearing, his parole was revoked and he was reincarcerated to serve the remainder of his fixed term.

[3] On October 24, 2016, Richmond filed a pro se petition for writ of habeas corpus in the Henry Circuit Court asserting that the good time credit that he accumulated prior to being released on parole should apply to reduce his fixed sentence following parole revocation. Upon motion for summary judgment, the trial court granted summary judgment in favor of the State on January 12, 2017. The trial court concluded that the good time credit earned by Richmond did not reduce his fixed term but was merely applied to determine his eligibility for parole. Appellee's App. at 18 (citing *Miller v. Walker*, 655 N.E.2d 47, 48 n.3 (Ind. 1995) (good time credit does not reduce sentence itself but instead is applied to number of days incarcerated)). Thus, the court determined that once

his parole was revoked, Richmond was properly ordered to serve the remainder of his fixed term.

[4] Thereafter, on March 6, 2017, Richmond filed a second pro se petition for writ of habeas corpus in the Henry Circuit Court. He again asserted that his good time credit accumulated prior to his release on parole should apply to reduce his sentence following parole revocation. He claimed that he was "deprived of his due process right to a 'notice' and 'hearing' in regard to [the forfeiture] of his earned credit time" that occurred simply because he was released to parole. Appellant's App. at 7. Both Richmond and the State filed motions for summary judgment. On May 17, 2017, the trial court granted summary judgment in favor of the State. Specifically, the trial court concluded that Richmond's claim was barred by the doctrine of res judicata based upon the prior entry of summary judgment on his first petition. Richmond now appeals.

## Discussion and Decision

[5] This appeal concerns a successive pro se petition for habeas corpus filed by Richmond. The trial court determined that Richmond's claim is barred by the doctrine of res judicata. We agree.

[6] "The doctrine of res judicata bars litigating a claim after a final judgment has been rendered in a prior action involving the same claim between the same parties or their privies. The principle behind the doctrine is the prevention of repetitive litigation of the same dispute." *Love v. State*, 22 N.E.3d 663, 664 (Ind. Ct. App. 2014) (citations omitted), *trans. denied* (2015). The doctrine of res

judicata consists of two distinct components, claim preclusion and issue preclusion. *Smith v. Lake Cty.,* 863 N.E.2d 464, 470 (Ind. Ct. App. 2007), *trans. denied.* As we have explained,

> Claim preclusion is applicable when a final judgment on the merits has been rendered and acts to bar a subsequent action on the same claim between the same parties. When claim preclusion applies, all matters that were *or might have been litigated* are deemed conclusively decided by the judgment in the prior action. Claim preclusion applies when the following four factors are present: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, *or could have been*, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies.

*Id.* (citation omitted). Richmond argues that the doctrine of res judicata should not apply here for two reasons: (1) the doctrine is inapplicable to habeas corpus cases, and (2) the claims raised in his second petition are different than those in his previous habeas corpus petition.

[7] As for his first argument, Richmond is incorrect that the doctrine of res judicata cannot be applied to habeas cases. Our supreme court has stated:

> The general common-law rule as to the rule of res judicata in proceedings for writ of habeas corpus is that a decision under one writ of habeas corpus, refusing to discharge a prisoner, is not a bar to the issuance of another writ. This was the early common-law rule and the federal courts, as well as many state courts, have generally accepted or given effect to this rule where not changed by statutory enactment. However, it has been repeatedly held

that where a second or subsequent application is based on the same, or not materially different, facts, a prior refusal to discharge may constitute authority for refusal on subsequent applications.

….

It is obvious that no useful purpose would be served by trying over and over again in habeas corpus proceedings the same questions which were fully considered and determined in the original proceedings.

*Adams v. Eads,* 255 Ind. 690, 692, 266 N.E.2d 610, 611-12 (1971) (quoting *Shoemaker v. Dowd*, 232 Ind. 602, 606-607, 115 N.E.2d 443, 446 (1953)).

[8]     Regarding his second argument, Richmond contends that the claims raised in this petition are different than the claims raised in his previous petition, and thus claim preclusion does not apply. Contrary to Richmond's contention, we discern little difference between the two petitions. In the first petition, Richmond asserted that he was entitled to immediate release because the credit time that he accumulated prior to being released on parole should still apply to his sentence following parole revocation. The trial court entered summary judgment in favor of the State, concluding that credit time does not reduce the defendant's fixed term but is used to determine when a person is eligible for parole. In his second habeas corpus petition, Richmond again asserted that he was entitled to immediate release because the credit time that he accumulated prior to him being released on parole should still apply to his sentence following parole revocation. He simply expanded his argument by stating that "due

process requires … certain protections [such as notice and a hearing] before the good time credits may be revoked or taken away." Appellant's App. at 10. This is essentially the same dispute, between the same parties, repackaged to include a due process argument.

[9] If Richmond wished to challenge the trial court's prior entry of summary judgment on the credit time issue, he could have availed himself of his right to appeal at that time. "Having failed to avail himself of this right, he cannot use [a successive] writ of habeas corpus for the purpose of an appeal." *Shoemaker*, 232 Ind. at 697, 115 N.E.2d at 446. Moreover, even were we to conclude that the claims in each petition are in fact different, Richmond could have and should have raised his due process argument in his first habeas corpus petition. There is no question that such matter "could have been" determined in the prior action. *Smith*, 863 N.E.2d at 470. His failure to raise the issue then precludes him from doing so now. We agree with the trial court that the claims in Richmond's second petition are barred by the doctrine of res judicata. The trial court's entry of summary judgment is affirmed.

[10] Affirmed.

Robb, J., and Bradford, J., concur.