

**FILED**

Jul 31 2020, 8:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Shawn G. Willet
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

David A. Arthur
Senior Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shawn G. Willet, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff,* | July 31, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-2699 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Teresa L. Cataldo, Judge <br><br> Trial Court Cause No. <br> 20D03-0801-FB-2 |

**Robb, Judge.**

# Case Summary and Issue

[1] Shawn Willet, pro se, appeals from the denial of his Motion to Dismiss Sentence Time Served alleging he has served his entire sentence and was being unlawfully detained by the Indiana Department of Correction ("DOC"). Willet raises one issue for our review, which we revise and restate as whether the trial court abused its discretion in denying Willet's motion. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] The State charged Willet with six counts of sexual misconduct with a minor, all Class B felonies, and he was arrested on January 22, 2008. In 2010, Willet was convicted of three of the counts and, on March 25, 2010, the trial court sentenced Willet to fifteen years on each count to be served concurrently in the DOC. Willet was awarded 791 days credit for time spent in custody while awaiting disposition.

[3] On January 23, 2015, Willet was released to parole. Willet was on parole for two years, ten months, and twenty days before his parole was revoked. Willet was returned to prison on December 12, 2017. On September 16, 2019, Willet filed his Motion to Dismiss Sentence Time Served, arguing he was entitled to be released because he "actively served seven (7) years of his prison term and received six (6) months['] time cuts for education classes that he took while incarcerated. Thus he has earned seven (7) years, six (6) months good earned

credit time." Appellee's Appendix, Volume 2 at 14. He asserted that he was placed on parole for seven years and six months "after he has served seven (7) years and earned eight years credit time equaling [his] fifteen (15) year sentence[.]" *Id.* And therefore, he argued, he had executed his sentence and DOC has been unlawfully detaining him. *Id.*

[4] On October 11, 2019, the trial court issued an order denying Willet's motion on the basis that it "does not have purview of any good time credit awarded by the [DOC], which is granted that authority by Indiana Law." *Id.* at 16. Willet now appeals.

# Discussion and Decision

[5] We initially note that Willet is proceeding pro se. Pro se litigants are held to the same legal standard as licensed attorneys and are afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. Ct. App. 2014).

[6] As a threshold matter, we address the State's argument that Willet has waived appellate review of his claim for failure to make a cogent argument. *See* Brief of Appellee at 9. The State contends Willet's brief "is a rambling, conclusory, unsupported assertion that somehow he was deprived of good time [credit] as well as educational credit" and although Willet cites to several statutes, he fails to explain how they support his claims. *Id.*

[7]     Indiana Appellate Rule 46(A)(8)(a) provides that the appellant's "argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]" It is well established that failure to present a cogent argument results in waiver on appeal. *Martin v. Hunt*, 130 N.E.3d 135, 137 (Ind. Ct. App. 2019). Although Willet has failed to make a cogent argument supported by relevant authority, we decline to decide this case on waiver and address the merits of Willet's argument.

[8]     Willet filed a Motion to Dismiss Sentence Time Served, but the State argues that "[a] better reading of the motion is that it is a petition for post-conviction relief [pursuant to Post-Conviction Rule 1(1)(a)(5) (2015)[1]] alleging that Willet's sentence has expired so revocation of his parole was unlawful." Br. of Appellee at 7. Although the State makes a compelling argument, we disagree and construe Willet's motion as a petition for writ of habeas corpus.[2]

---

[1] "Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief." Ind. Post-Conviction Rule 1(1)(a)(5) (2015).

[2] Construing Willet's motion as a petition for post-conviction relief is problematic because the proper procedure in post-conviction proceedings was not followed in this case. First, under the post-conviction rules, the State must respond to the defendant's petition within thirty days. P-C.R. 1(4)(a). Here, Willet filed his motion on September 16, 2019 and the trial court denied the petition on October 11, before the State could file a response. In addition, this court has previously summarized a post-conviction court's procedural options as follows:

[9] Indiana Code section 34-25.5-1-1 provides, "Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." The purpose of a writ of habeas corpus is to determine the lawfulness of the defendant's detention; it cannot be used to attack a conviction or sentence. *Love v. State*, 22 N.E.3d 663, 664 (Ind. Ct. App. 2014), *trans. denied*. A defendant is entitled to a writ of habeas corpus if he or she is unlawfully incarcerated and is entitled to immediate release. *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008). On the other hand, when challenging the validity of a conviction or sentence, a petitioner must file a petition for post-conviction relief in the court of conviction. *Id.* at 743.

[10] Here, Willet does not challenge the validity of his convictions or his fifteen-year sentence. Instead, he alleges he is entitled to immediate discharge because he has fully served his sentence. *See* Brief of the Appellant at 5-6. Therefore, we

---

hold a full evidentiary hearing, P-C.R. 1(5); deny the petition if the pleadings show no merit, P-C.R.1(4)(f); decide the petition on the basis of the pleadings and other evidence submitted if either party moves for summary disposition and there is no genuine issue of material fact to be considered at a hearing, P-C.R. 1(4)(g); or, if the petitioner is pro se, order the case submitted on affidavit, P-C.R. 1(9).

*Laboa v. State*, 131 N.E.3d 660, 664 (Ind. Ct. App. 2019). In this case, the trial court did not hold an evidentiary hearing or order the case to be submitted on affidavit and neither party moved for summary disposition. And, as we discuss below, Willet does not challenge his conviction or sentence. He only argues that he has served his entire sentence and is entitled to be released immediately. Therefore, given the relief sought and the procedural posture of this case, we conclude that construing Willet's motion as a petition for post-conviction relief is not appropriate.

treat his motion as a petition for a writ of habeas corpus and evaluate it as such.[3]

[11] A trial court's habeas corpus decision is reviewed for an abuse of discretion. *Benford v. Marvel*, 842 N.E.2d 826, 828 (Ind. Ct. App. 2006). We do not reweigh the evidence and consider only the evidence most favorable to the judgment and reasonable inferences drawn therefrom to determine whether sufficient evidence sustains that decision. *Id.* We may affirm a trial court's judgment on any basis sustainable by the record, even though not on a theory used by the trial court. *Benham v. State*, 637 N.E.2d 133, 138 (Ind. 1994).

[12] A trial court lacks the "jurisdiction to entertain a petition for a writ of habeas corpus inasmuch as petitioner [is] serving time under a proper commitment, his sentence [has] not expired and he [has] not been denied good time or credit time . . . [and h]e is not seeking a correction of the beginning or the end of his

---

[3] In a separate concurring opinion, Judge Vaidik respectfully disagrees with this conclusion and believes Willet's motion should be treated as a petition for post-conviction relief because Willet filed his motion in the county where he was convicted and sentenced rather than the county where he was incarcerated. We believe the substance of the petition controls. Under the post-conviction rules, if a person files an application for a writ of habeas corpus in the county of incarceration *challenging the validity of his conviction or sentence*, "that court shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for [post-conviction] relief[.]" P-C.R.1(c). A litigant's self-titled "habeas" petition filed in the county of incarceration is not automatically treated as a petition for writ of habeas corpus because of where it was filed. Instead, the substance of the petition governs how it is treated. Thus, when a litigant files a "habeas" petition but does not allege a habeas argument (i.e., the litigant challenges the validity of his conviction or sentence), it is treated as a petition for post-conviction relief and transferred to the court of conviction. Deciding how to treat Willet's motion based on where he filed it rather than the substance of the allegations therein is elevating form over substance without good reason. We acknowledge overlap between our post-conviction rules and the habeas statute and that the resolution of this matter – whether we treat Willet's motion as a petition for post-conviction relief or petition for writ of habeas corpus – is the same because Willet's argument is meritless. Nonetheless, we reiterate our position that, based on the substance of Willet's motion, treating it as a petition for a writ of habeas corpus is more appropriate.

sentence." *Young v. Duckworth*, 274 Ind. 59, 61, 408 N.E.2d 1253, 1254 (1980) (citation omitted).

[13] The crux of Willet's argument is that, with his executed time and earned credit time, he has served over twenty years on a fifteen-year sentence. *See* Br. of the Appellant at 5 (statement of the facts). And therefore, he contends he is entitled to be released immediately. We disagree.

[14] Once incarcerated, prisoners begin accumulating additional credits which shorten the length of time they will be incarcerated. *Miller v. Walker*, 655 N.E.2d 47, 48 (Ind. 1995); *see also* Ind. Code §§ 35-50-6-3 (credit time classes for a person convicted before July 1, 2014) and -4 (credit time assignments). "Credit time is a statutory reward for a lack of conduct that is in violation of institutional rules. It is earned toward *release on parole* for felons, and does not diminish the fixed term or affect the date on which a felony offender will be discharged." *Boyd v. Broglin*, 519 N.E.2d 541, 542 (Ind. 1988) (emphasis added). Credit time is applied to determine a defendant's release date from prison but *does not* reduce the sentence itself. *Miller*, 655 N.E.2d at 48 n.3.

[15] When a person imprisoned for a felony completes his fixed term of imprisonment, less the credit time he has earned with respect to that term, he shall be released on parole for no more than twenty-four months. Ind. Code § 35-50-6-1(a)(1). A person, such as Willet, who is a sex offender is released on parole for up to ten years. Ind. Code § 35-50-6-1(d). If parole is revoked, the person shall be imprisoned for all or part of the remainder of his fixed term;

however, he shall again be released on parole when he completes that remainder, less the credit time earned since revocation. Ind. Code § 35-50-6-1(c).

[16] Applying the above here, the record shows that on March 25, 2010, Willet was sentenced to serve fifteen years, with 791 days of jail time credit. Thus, Willet effectively began his sentence on January 23, 2008; fifteen years from that date is January 23, 2023. Again, credit time simply shortens a fixed executed sentence for release *to* parole, it does not reduce Willet's fifteen-year sentence itself, which does not end until January 23, 2023. *See Miller*, 655 N.E.2d at 48 n.3. The record reveals on its face that Willet was not entitled to immediate release because his sentence has not expired. Therefore, the trial court properly denied his petition summarily.[4]

# Conclusion

---

[4] Because we treated Willet's motion as a habeas corpus petition, we briefly address the trial court 's jurisdiction to deny Willet's motion. "Writs of habeas corpus *may* be *granted* by . . . circuit or superior courts of the county in which the person applying for the writ may be restrained of his or her liberty, or by the judges of those courts[.]" Ind. Code § 34-25.5-2-2(a) (emphasis added). Despite the discretionary language in the statute, "it has been held in effect that such actions must be brought in the [circuit or superior court of the county of the petitioner's incarceration], and that such courts have exclusive jurisdiction in such proceedings." *State ex. rel. Moore v. Carlin*, 226 Ind. 437, 438, 81 N.E.2d 670, 671 (1948); *contra* P.C.R. 1(1)(c) (requiring petitions for post-conviction relief to be filed in the court of conviction, and if a petitioner erroneously files a habeas corpus petition challenging the validity of his or her conviction or sentence in the county of incarceration, the court will treat it as a petition for post-conviction relief and must transfer it to the court of conviction). Here, Willet filed his habeas corpus petition in the court of conviction, not in a circuit or superior court located in the county of incarceration. Therefore, the court of conviction, Elkhart Superior Court, would lack the jurisdiction to grant Willet's petition and issue a writ for habeas corpus. However, given the language of the statute, we conclude the trial court was within its authority to deny his petition.

[17] The trial court did not abuse its discretion in denying Willet's petition for writ of habeas corpus because his sentence has not expired. Accordingly, the judgment of the trial court is affirmed.

[18] Affirmed.

May, J., concurs.

Vaidik, J., concurs in result with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Shawn G. Willet,

*Appellant-Defendant,*

v.

State of Indiana

*Appellee-Plaintiff,*

Court of Appeals Case No.
19A-CR-2699

**Vaidik, Judge, concurring in result.**

[19] I respectfully disagree with the majority's conclusion that Willet's motion should be treated as an application for a writ of habeas corpus rather than as a petition for post-conviction relief. An inmate who believes their sentence has expired has two options. First, they can file a petition for post-conviction relief in the county where they were convicted and sentenced. *See* Ind. Post-Conviction Rule 1(1)(a)(5) (providing that a person who claims "that his sentence has expired" can "institute at any time a proceeding under this Rule to secure relief"); P-C.R. 1(2) (providing that "[a] person who claims relief under this Rule" must generally "file a verified petition with the clerk of the court in

which the conviction took place"). In the alternative, they can file an application for a writ of habeas corpus in the county where they are incarcerated. *See* Ind. Code § 34-25.5-2-1 (providing that a person who claims that they are being illegally held can file an application for a writ of habeas corpus); I.C. § 34-25.5-2-2(a)(1) (providing that "[w]rits of habeas corpus may be granted by: (1) the circuit or superior courts of the county in which the person applying for the writ may be restrained of his or her liberty, or by the judges of those courts"). *See also Partlow v. Superintendent, Miami Corr. Facility*, 756 N.E.2d 978, 981 (Ind. Ct. App. 2001) ("Jurisdiction over writs of habeas corpus is traditionally with the court in the county where the petitioner is incarcerated, Ind. Code § 34-25.5-2-2 (1998), whereas petitions for post-conviction relief must be filed in the conviction court, Ind. Post-Conviction Rule 1(2)."), *superseded by statute on other grounds as stated in Paul v. State*, 888 N.E.2d 818 (Ind. Ct. App. 2008), *trans. denied*. Here, Willet filed his motion in the county where he was convicted and sentenced (Elkhart County), rather than in the county where he was incarcerated (Henry County). As such, the motion should be treated as a petition for post-conviction relief.

[20] The majority suggests that I believe Willet's motion should be treated as a petition for post-conviction relief "based on where he filed it rather than the substance of the allegations therein[.]" Slip op. n.3. Not true. The substance of the motion is just as important as the location of filing. And the substance of Willet's motion is a claim that his sentence has expired—a claim that is explicitly authorized by the post-conviction rules. Again, Post-Conviction Rule

1(1)(a)(5) very clearly provides that a person who claims "that his sentence has expired" can "institute at any time a proceeding under this Rule to secure relief." In short, it is the two things taken together—the substance of Willet's motion and the fact that he filed it in the county of conviction—that lead me to conclude that the motion should be treated as a petition for post-conviction relief.

[21] The majority also states, "Construing Willet's motion as a petition for post-conviction relief is problematic because the proper procedure in post-conviction proceedings was not followed in this case." Slip op. n.2. While failure to follow the proper post-conviction procedures might be a reason to remand for further proceedings, it is not a reason to treat Willet's motion as something other than a petition for post-conviction relief. But I believe the trial court's denial of Willet's motion was consistent with the post-conviction rules. Post-Conviction Rule 1(4)(f) provides, "If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." Willet's motion conclusively shows that his sentence has not expired and that he is entitled to no relief. Therefore, the motion was properly denied, and I concur in the result reached by the majority.